UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| BILLY JACKSON COFFELT | ] | |
|---|---|---|
| Petitioner, | ] | |
| | ] | |
| v. | ] | No. 3:11-0136 |
| | ] | Judge Campbell |
| WARDEN DAVID SEXTON | ] | |
| Respondent. | ] | |

### M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Sexton, Warden of the facility, seeking a writ of habeas corpus.

### I. BACKGROUND

On November 29, 1984, a jury in Davidson County found the petitioner guilty of armed robbery. Docket Entry No.14-1 at pg.31. For this crime, he received a sentence of twenty five (25) years in prison. *Id.* at pg.47. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No.2-1 at pgs.16-18. The Tennessee Supreme Court later denied petitioner's application for further review. Docket Entry No.15-6.

In August, 2006, the Tennessee Court of Criminal Appeals vacated two of the petitioner's prior convictions from 1983. Docket

1

Entry No.15-8 at pgs.16-31.[1] The vacation of those convictions was due to a finding that the petitioner had been denied the effective assistance of counsel. That case was remanded for a new trial. Rather than retry the petitioner, the State chose to dismiss the charges. Docket Entry No.15-7 at pg.19.

On March 14, 2007, the petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court of Davidson County, arguing that the vacated convictions had been used to enhance his current sentence. Docket Entry No.2-1 at pgs.1-4. Following the appointment of counsel and an evidentiary hearing, the trial court denied the petition for post-conviction relief. *Id.* at pgs.5-10.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. *Id.* at pgs.11-15. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional post-conviction review. Docket Entry No.15-12 at pg.2.

## II. PROCEDURAL HISTORY

On July 8, 2010, the petitioner filed the instant petition (Docket Entry No.1) for federal habeas corpus relief in the District Court for the Eastern District of Tennessee.[2] By an order

---

[1] The prior convictions were for assault with intent to commit murder and assault with intent to commit armed robbery.

[2] The petition was stamped by the Clerk's Office as filed on July 13, 2010. A pleading from a prisoner, though, is deemed filed on the day that it was given to a prison official for posting. Houston v. Lack, 487 U.S. 266 (1988). In this case, the

2

(Docket Entry No.5) entered February 15, 2011, the case was transferred to this judicial district.

The petition contains only one claim for relief. The petitioner alleges that his rights were violated when two subsequently vacated convictions were used to enhance his current sentence.

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.7) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the respondent's Answer (Docket Entry No.13), to which the petitioner has filed his "Antithesis" (Docket Entry No.16).

Having carefully considered these pleadings and the record as a whole, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545,550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and

---

petitioner avers that his petition was given to prison officials for posting on July 8, 2010. *See* Docket Entry No.1 at pg.11. That date, therefore, is deemed to be the date that the petition was filed.

justice require. Rule 8, Rules - - § 2254 Cases.

### III. TIMELINESS OF THE PETITION

In his Answer, the respondent argues that this action is untimely. A one year period of limitation has been placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).[3]

The petitioner's claim for relief is dependent upon two convictions from 1983 that were later vacated by the Tennessee Court of Criminal Appeals. That event occurred on August 8, 2006 and is the date where the respondent begins his running of the limitation period. *See* Docket Entry No.15-8 at pgs.16-31. The limitation period, however, did not begin to run from that date. As long as the State had the option of retrying the petitioner on those charges, petitioner's present claim was not ripe for litigation. On January 11, 2007, the State decided not to retry the petitioner and dismissed the assault charges against him. Docket Entry No.15-7 at pg.19. It was at this point in time that the one year limitation period began to run.

---

[3] 28 U.S.C. § 2244(d) actually provides that the limitation period will begin to run from the latest of four dates, one of which is the date that the factual predicate of a claim began available. The other three potential dates do not apply in this case.

4

After sixty two (62) days had elapsed, the petitioner filed a *pro se* petition for state post-conviction relief.[4] That filing had the effect of tolling the limitation period until the post-conviction proceeding had concluded in the state courts. 28 U.S.C. § 2244((d)(2). The Tennessee Supreme Court denied petitioner's application for additional post-conviction review on October 26, 2009. Docket Entry No.15-12 at pg.2. Thus, the limitation period resumed running on October 27, 2009.

With sixty two days already elapsed, there remained three hundred three (365-62=303) days in the limitation period. DiCenzi v. Rose, 452 F.3d 465,468-69 (6th Cir.2006)(the limitation period resumes at that point where it was tolled rather than starting anew). Therefore, the limitation period for the filing of this action did not expire until August 25, 2010.[5] As noted above, the habeas corpus petition initiating the instant action was filed on July 8, 2010. Consequently, this action is timely.

### IV. ANALYSIS OF THE CLAIM

The petitioner believes that his constitutional rights were

---

[4] The 62 days is calculated as follows : 1/12-1/31/07 = 20 days + 2/1-2/28/07 = 28 days + 3/1-3/14/07 = 14 days for a total of 62 days.

[5] The 303 days are calculated as follows : 10/27-10/31/09 = 5 days + 11/1-11/30/09 = 30 days + 12/1-12/31/09 = 31 days + 1/1-1/31/10 = 31 days + 2/1-2/28/10 = 28 days + 3/1-3/31/10 = 31 days + 4/1-4/30/10 = 30 days + 5/1-5/31/10 = 31 days + 6/1-6/30/10 = 30 days + 7/1-7/31/10 = 31 days + 8/1-8/25/10 = 25 days for a total of 303 days.

violated because two vacated convictions were used to enhance his current sentence. This claim was fully litigated in the state courts and was found to be without merit. Docket Entry No.2-1 at pgs.11-15.

When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. *Id.* at 120 S.Ct. 1511.

To prove his claim, the petitioner must show that his current

sentence ".... might have been different if the sentencing court had not relied on erroneous information." United States v. Tucker, 404 U.S. 443,448 (1972). The respondent argues that the trial judge determined the petitioner's sentence based upon the seriousness of the crime and did not rely upon the subsequently vacated convictions. Docket Entry No.13 at pg.14.

At sentencing, the trial judge gave no specific reason for setting the petitioner's sentence at twenty five years. As a Range I standard offender, the petitioner was facing a range of punishment from ten (10) to thirty five (35) years in prison, which was not based on the petitioner's criminal history. Docket Entry No.2-1 at pg.13. The trial judge was free to pronounce a sentence anywhere within the statutory range. *Id.* at pg.8.

To arrive at a sentence within the permissible range, the trial judge was required to consider the sentencing factors set forth in Tenn. Code Ann. § 40-35-103, the evidentiary requirements of Tenn. Code Ann. § 40-35-210(b), and any relevant enhancing or mitigating factors.[6] There was no set formula, however, for the mechanical application of these factors. Rather, sentencing was to be accomplished on a case by case basis. State v. Moss, 727 S.W.2d 229, 235 (Tenn.1986).

During sentencing, the trial judge observed that :

---

[6] There were no mitigating or enhancing factors considered in this case. Docket Entry No.2-1 at pgs.9-10.

> It was a very serious - - - a very serious
> type offense. It took planning. It involved
> the kidnapping of a - - - not kidnapping -
> - - well, kidnapping in a sense of a security
> guard, taking his clothes, posing as the guard,
> and all in accordance to this preconceived
> plan. Its a very serious offense, a very, very
> serious offense, an offense which could have
> resulted in loss of life and for all intents
> and purposes would have resulted in loss of
> life had not the victim been able to alert
> someone to call emergency aid.

Docket Entry No.15-7 at pgs.95-96.

The trial judge did not reference the presentence report during sentencing, even though it showed that the petitioner had, in addition to the two convictions that were ultimately vacated, numerous convictions for armed robbery, robbery, burglary and possession of a controlled substance. Docket Entry No.14-1 at pgs.38-46. In fact, the petitioner had already been declared an habitual criminal and was serving a life sentence.

The petitioner has failed to show that the trial judge relied upon the vacated convictions during sentencing. Nor does the record suggest otherwise. Clearly, the seriousness of the offense was the dominant factor in the decision of the trial judge. As a consequence, the state court rulings as they pertain to this claim were not contrary to federal law.

## V. CONCLUSION

In the absence of an actionable claim, the Court finds no merit in the petition for writ of habeas corpus. Accordingly, an order will be entered denying the petition and dismissing the

instant action.

_____
Todd Campbell
United States District Judge